DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Arlan Stevenson, appeals the judgment of the Lucas County Court of Common Pleas which, following a no contest plea, sentenced him to a three-year prison term for failure to register (sex offender), in violation of R.C. 2950.05(E)(1), a third degree felony. *Page 2 
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Appellant's counsel asserts that after reviewing the record and the conduct of the trial court, she can find no arguable issues for appellate review. Appellant's counsel further states that, as required by Anders, she provided appellant with a copy of the appellate brief and request to withdraw as counsel and informed him of his right to file his own brief. Appellant has not filed a pro se brief.
 {¶ 3} In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. See also, State v. Duncan (1978),57 Ohio App.2d 93. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} Consistent with Anders, counsel for appellant has asserted one potential assignment of error arguing that appellant's sentence was excessive. *Page 3 
 {¶ 5} The Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at paragraph seven of the syllabus, held that "[t]rial courts have full discretion to impose a prison sentence within the statutory * * *" An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217; State v. Adams (1980), 62 Ohio St.2d 151. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619.
 {¶ 6} The record shows that in 2001, appellant was found to be a sexual predator for the offenses of kidnapping and attempted rape. Appellant's classification required him to register and verify his address with the Lucas County Sheriffs Department every 90 days for life. Upon his release from the Chillicothe Correctional Institution in 2005, appellant registered his address as The Cherry Street Mission, 105 17th Street, Toledo, Ohio. Subsequent checks with the mission revealed that appellant was not residing there. Appellant, himself, admitted he was not residing there but was instead residing with his sister at 110 Dickens Drive, Toledo, Ohio.
 {¶ 7} The sentencing range for a third degree felony is "one, two, three, four, or five years." R.C. 2929.14(A)(3). The trial court's imposition of three years is within the statutory sentencing range, and as such, is a proper sentence. Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, appellant's appellate counsel properly determined that no meritorious appealable issue *Page 4 
existed in this case, and this appeal is without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 8} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., Arlene Singer, J., and William J. Skow, J., concur. *Page 1